MARY E. MILLER AND SARAH GIFFIN, RESPONDENTS, v. ABNER S. ADKINS, APPELLANT.

*Evidence — stipulation that statement may be read as plaintiff's testimony — If read by defendant, on trial, after plaintiff's decease — defendant cannot testify to personal transactions with deceased — Code, § 399.*

In an action of ejectment, a stipulation was made by the plaintiff and defendant, by which a certain statement was agreed to be "a statement of the evidence that the witness Canfield (the plaintiff) would give on the trial, and that the same may be read in evidence on the trial of this action by either party, with the same force and effect as if the said plaintiff and witness were personally present and examined as a witness therein." Subsequently, Canfield conveyed his interest in the premises to the present plaintiffs, and, upon his death, shortly after, they were substituted in his place. Upon the trial, the defendant read the said statement, and then offered himself as a witness to testify to personal transactions with the deceased.

*Held*, that the evidence was properly excluded; that the parties did not intend by the stipulation to waive the right to object to the defendant's testimony as inadmissible, under section 399 of the Code, and that the exception therein, allowing a

party to testify as to any communication as to which the testimony of the deceased party has been given in evidence, only applied to cases in which such testimony is given by the adverse party, and not by the one who offers himself as a witness to testify to such transaction.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This was an action of ejectment originally commenced by one Stephen Canfield. On the 17th of April, 1874, the parties to that action made the following stipulations :

### "SUPREME COURT.

#### "STEPHEN CANFIELD *v.* ABNER S. ADKINS.

"It is hereby stipulated and agreed for the purposes of this action, that the following is a statement of the evidence that the witness Stephen Canfield would give on the trial hereof, and that the same may be read in evidence on the trial of this action by either party, with the same force and effect as if the said plaintiff and witness were personally present and examined as a witness therein."

Then followed the testimony.

On the 28th of March, 1874, Canfield executed and delivered to the present plaintiff a warranty deed of the premises described in the complaint.

In May, 1874, Canfield died, and on the 6th of October, 1874, the action was revived, and the grantees in said deed were substituted as plaintiffs in his place and stead.

Upon the trial the defendant read in evidence the testimony of Canfield, taken in pursuance of that stipulation, and then offered himself as a witness, under section 399 of the Code, to give testimony as to personal transactions had with the deceased in relation to the matters contained in said statement. This testimony was excluded by the referee as inadmissible.

*L. Hasbrouck, Jr.*, for the appellant. The evidence offered was admissible on two grounds: 1. By virtue of the stipulation, irrespective of section 399 of the Code. 2. By virtue of the exception contained in that section. By the stipulation made only a few days before his death, it was agreed that the statement of the evidence that Stephen Canfield would give on the trial of the action might be read in

evidence on the trial by either party, with the same force and effect as if the said Canfield were personally present and examined as a witness thereon. It was read in evidence by the defendant. It was, then, to have the same force and effect as if Canfield had been personally present and examined as a witness on the part of the defendant. If he had been, unquestionably the defendant would have been admissible as a witness, not only to the transactions referred to in the stipulation, but to all transactions between him and Canfield. The effect of this stipulation cannot be limited to the narrower meaning that the statement of the testimony was to have the same effect as if it were delivered by the witness orally. It is wide enough in its terms to embrace the construction put upon it by the defendant, and should be construed most strongly against the party making it against whom it is used. The testimony of Adkins was not excluded by section 399 of the Code. The defendant was a competent witness under section 398 unless he came within the prohibition of section 399. The testimony of the deceased person having been given in evidence, the opposite party was a competent witness to the transactions or communications so testified to. It is not material on whose behalf the testimony of the deceased person is given. The Code, as it stands now, makes no discrimination.

*J. McNaughton,* for the respondents.

BOCKES, J.:

The stipulation and the statement of the deceased were put in evidence by the defendant, in order to create the opportunity for the latter to offer himself as a witness in his own behalf, as to personal transactions and communications between them. I do not think this course of procedure was in contemplation of the parties when they entered into the stipulation, nor do I think it authorized under the fair reading of the stipulation. The stipulation bore directly upon the force and effect of the statement as evidence, whichever party should see fit to put it in on the trial. This would not bar the right to insist that the other party should be excluded under section 399 of the Code, because of the death of the party. The right to such objection was not stipulated away. The question is, then, whether the prohibition contained in section 399 of

the Code would exclude the defendant from testifying in his own behalf. The clause alluded to provides that the prohibition declared in section 399 shall not extend to any transaction or communications, " as to which the testimony of such deceased person   *   *   * shall be *given in evidence.*" Given in evidence by whom? By the adverse party. Such is its very obvious meaning. This clause was not intended to help a party to the record to give evidence in his own behalf, except in answer to the testimony of a deceased person, when put in against him. The evidence offered by the defendant in his own behalf, as to personal transactions and communications between himself and the deceased, was properly excluded. It appears that all the excluded evidence offered belonged to that class. The ruling of the learned referee was therefore correct. The record discloses no error calling for a reversal of the judgment.

Judgment affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Ordered accordingly.